# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUSSELL RUTLEDGE,

    Plaintiff,

vs.                                                                                   Case No. 2:20-cv-00452-KWR-KRS

CITY OF CARLSBAD,
CARLSBAD POLICE DEPARTMENT,
SGT. RICHARD CAGE, OFFICER EMERY CARRASCO,
JOHN DOES 1-100, *detention officers at Eddy County Detention Center,*
JANE DOES 1-100, *nurses at Eddy County Detention Center*,
EDDY COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant Eddy County Board of Commissioners' Motion to Dismiss, filed July 16, 2020 **(Doc. 13),** and Plaintiff's Motion for leave to file a response to Defendant's motion to dismiss, filed on August 21, 2020 **(Doc. 15)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion for leave to file an out of time response well-taken and, therefore, is **GRANTED.** Having considered the arguments of counsel, including the response **(Doc. 16)** and reply (**Doc. 18)** to the motion to dismiss, the Court finds that Defendant's motion to dismiss is well-taken in part. The Court will therefore dismiss without prejudice the federal claims against the Eddy County Defendants and the unnamed defendants. The Court grants Plaintiff leave to amend these dismissed claims.

## BACKGROUND

Plaintiff asserts various claims against the (1) City of Carlsbad Defendants and (2) the Eddy County Defendants. The City Defendants filed an answer while the County Defendants filed this

motion to dismiss. As relevant here, Plaintiff alleges that he suffered excessive force, false imprisonment, and lack of medical care while detained at the Eddy County Detention Center. He alleges that several corrections officers shoved him against a wall by pressing his face, chest, and shoulders into the wall without regard to his injuries. He alleges that he told corrections officers about his injury from falling off a roof in 2009, and that he required medication for his injury. He also appears to allege that he was injured by the City of Carlsbad officers when he was arrested but before he was transported to the Eddy County Detention Center. It is unclear if this was communicated to the corrections officers. However, he alleges that correction officers failed in their gatekeeping role by failing to give him medication or refer him to a medical professional. Plaintiff asserts he advised the facility nurse that he was injured and the nurse refused to provide any assistance, stating that she would not help him until he "sobered up." However, Plaintiff alleges he was not under the influence of alcohol or drugs. He appears to allege he was denied medical treatment or evaluation for 24 hours.

The next day, at 12:50 pm on Monday, May 14, 2018, corrections officers transported him to the Carlsbad Medical Center and dropped him off at the emergency room. Plaintiff was examined at the medical center and found to have a "non-displaced avulsion type facture of the distal end of the clavicle." **Doc. 1 at 49.** It is unclear who is alleged to have broken his clavicle. He was discharged at 3:05 pm that day, and he left the medical center and returned home. He alleges he required ongoing medical care for several months and was unable to perform his usual activities. He does not specify what type of treatment he received at the medical center.

Plaintiff asserts claims against Eddy County and 200 unnamed county defendants, including 100 unnamed corrections officers and 100 unknown corrections medical staff.

Plaintiff filed this case under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, alleging the following relevant claims against the Eddy County Defendants:

Count II:  Excessive Force by Eddy County Detention Center and John Does 1-100, unknown corrections officers.
Count IV:  Assault and Battery by Eddy County Detention Center and John Does 1-100, unknown corrections officers.

Count VII: False imprisonment by Eddy County Detention Center and John Does 1-100, unknown corrections officers.

Count IX: Personal Injury (resulting from Assault and Battery by a law enforcement officer under NMSA 41-4-12)

Count XI: bodily injury by Eddy County, John Does, and Jane Does.

The County Defendants filed this motion to dismiss on July 16, 2020.  They then filed a notice of briefing complete on August 4, 2020 when Plaintiff did not file a response.  On August 21, 2020, Plaintiff's counsel contemporaneously filed a motion for leave to file an out of time response, a response to the motion to dismiss, and a motion to withdraw from the case.  **Docs. 15, 16, 17.**  The Court granted Plaintiff's counsel's motion to withdraw.  **Doc. 19.**  The Court finds Plaintiff's two-page response deficient.  It does not address any off the arguments in the motion to dismiss, but summarily states that (1) discovery is needed to identify the John and Janes Does and (2) dismissal at this stage would be unjust.

Eddy County filed a response objecting to the motion for leave to file a response and filed a conditional reply to the motion to dismiss.  The reply noted that Plaintiff did not address the arguments in the motion to dismiss.  The Court will consider both the response and reply to the motion to dismiss.

## LEGAL STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light

most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). "To survive [dismissal,] a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Although summary judgment provides the typical vehicle for asserting a qualified immunity defense, [the Court] will also review this defense on a motion to dismiss." *Peterson v. Jensen,* 371 F.3d 1199, 1201 (10th Cir.2004). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* (citing *Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992) ("A motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted.") (internal quotation marks omitted)).

"At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (brackets and internal quotation marks omitted). The Court considers "(1) whether the facts that a plaintiff has alleged make out a violation of constitutional right, and (2) whether the right at issue was clearly established." *Keith*, 707 F.3d at 1188 (internal quotation marks omitted). A plaintiff need "only allege enough factual matter" to state a claim that is "plausible on its face and provide fair notice to a defendant." *Id.* (internal quotation marks omitted), *quoted in Sayed v. Virginia*, 744 F. App'x 542, 545–46 (10th Cir. 2018).

## DISCUSSION

I. **Federal claims against individual defendants are dismissed without prejudice with leave to amend.**

Defendant Eddy County seek to dismiss the federal constitutional claims against the individual, unnamed defendants, arguing that Plaintiff failed to plausibly allege how each individual defendant violated Plaintiff's constitutional rights. The Court agrees.

A. **Eddy County Defendants failed to raise or argue clearly established prong of qualified immunity.**

When a defendant raises the qualified immunity defense as to constitutional claims under § 1983, the burden shifts to the plaintiff. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). To overcome qualified immunity, a plaintiff must show (1) facts that demonstrate the officials violated a federal constitutional or statutory right, which (2) was clearly established at the time of the defendant's conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Estate of Booker*, 745 F.3d at 411. The law is clearly established if a reasonable official in the defendant's circumstances would understand that her conduct violated the plaintiff's constitutional right. *Moore v. Guthrie,* 438 F.3d 1036, 1042 (10th Cir.2006).

Once "a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to that immunity." *Douglas v. Dobbs*, 419 F.3d 1097, 1100 (10th Cir. 2005). Defendants nominally assert qualified immunity and cited to general qualified immunity law, but expressly limited their argument to the first prong of qualified immunity – whether a constitutional violation occurred. **Doc. 13 at 17.** Defendants did not raise the second prong of qualified immunity or argue that they did not violate clearly established law. Rather, they expressly limited their argument to the first prong and argued that Plaintiff "fail[ed] to state claim"

**Doc. 13 at 20;** *See* **Doc. 13 at 17** ("The claims against the Doe Defendants fail under Prong I of the qualified immunity test for failure to plead any conduct by a specific individual defendant.").

Plaintiff has the burden to show that the alleged constitutional violation is clearly established. However, qualified immunity is an affirmative defense and the defendant must at least raise the clearly established prong. Although the Eddy County Defendants recited qualified immunity law in their standard of review, they did not raise or mention the clearly established prong of qualified immunity in their argument. Rather, they expressly limited their argument to "Prong I" of qualified immunity, and specifically argued that Plaintiff failed to state a plausible claim for a constitutional violation. Therefore, because Defendants expressly limited their argument to whether Plaintiff stated a constitutional violation, the Court declines to *sua sponte* analyze the clearly established prong in this motion.[1]

**B.     Plaintiff failed to plead a plausible federal constitutional claim under 42 U.S.C. § 1983.**

Plaintiff appears to plead (1) excessive force and (2) false imprisonment claims in violation of the United States Constitution. Plaintiff's federal constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. Of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). "In order to establish liability for any claim brought under § 1983, and to defeat a claim of qualified immunity, a plaintiff must present evidence of a violation traceable to a defendant-official's own individual actions." *A.M. v. Holmes*, 830 F.3d 1123, 1163 (10th Cir. 2016) (internal quotation marks omitted)

---

[1] Of course, Defendants may raise qualified immunity and the clearly established prong in subsequent motions, including a motion to dismiss any amended complaint.

"[T]o state a viable § 1983 claim…Plaintiffs must do more than show ... that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations.'" *Matthews v. Bergdorf*, 889 F.3d 1136, 1145 (10th Cir. 2018) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013).  Rather, a § 1983 complaint that names multiple governmental actors as defendants must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (complaint "must explain what each defendant did to him ...; when the defendant did it; how the defendant's action harmed him ... ; and what specific legal right the plaintiff believes the defendant violated.");

"[I]t is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom, ...* as distinguished from collective allegations….it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983…claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (internal quotation marks and citations omitted)

Here, Plaintiff merely alleges collective action and fails to allege specific actions taken by particular defendants that violated his constitutional rights.  The Court agrees with Defendants that the allegations do not specify how each individual unnamed defendant violated Plaintiff's constitutional rights, and the unnamed defendants are not described or identified in such a way that they could be individually identified.  Although Plaintiff need not necessarily have the name of the individual officer or nurse at this stage, he must describe the actions taken by the specific unnamed individual.  As to the excessive force claim, Plaintiff generally argues that he was pinned down by various corrections officer.  **Doc. 1 at ¶ 40.**  Similarly, Plaintiff does not allege which

7

unnamed corrections officer falsely imprisoned him or identify how they violated his constitutional right against false imprisonment. Moreover, Plaintiff said he told corrections *officers* about his medical condition and the medications he takes and they failed to provide him medication. Plaintiff failed to allege specific allegations what each individual unnamed defendant did to violate his federal constitutional rights. Therefore, the Court dismisses without prejudice his federal constitutional claims. As explained below, the Court grants Plaintiff leave to file an amended complaint to fix these deficiencies.

### C. Plaintiff failed to provide adequate description of unnamed defendants.

Similarly, the claims against the unnamed individual Defendants should be dismissed because Plaintiff does not describe the unnamed defendants or their actions sufficiently to identify them.

Defendants argued that Plaintiff failed to provide adequate descriptions of the unnamed defendants. Plaintiff did not respond to this argument or explain why the description is sufficient. "Section 1983 plaintiffs may only "use unnamed defendants," if they "provide[ ] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. Appx. 680, 686 (10th Cir. 2019) (affirming screening dismissal) (citing *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996)). "A complaint must "make clear exactly who is alleged to have done what so that defendants can ascertain what particular unconstitutional acts they are alleged to have committed." *Id* (citation removed).

Plaintiff asserts claims against 100 unnamed corrections officers and 100 unnamed nurses. It is unclear how many officers were involved and what each officer individually did. Rather, Plaintiff lumps together the actions of multiple officers. The allegations and descriptions of the

officers and their alleged actions are insufficient to identify the officers and give them notice of the claims against them.

### D. Deliberate indifference medical claim.

Plaintiff appears to assert a medical deliberate indifference claim against a nurse at the Eddy County Detention Facility. To the extent Plaintiff asserts a federal deliberate indifference claim, the Court concludes that he fails to state claim. *See* **Count XI**, **Doc. 1 at 24.** A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."); *Barrie v. Grand Cty.*, 119 F.3d 862, 866 (10th Cir. 1997) (Claims based on an inmate's self-inflicted harm "are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody.").

"The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause." *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). "In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (quotations omitted)."The deliberate indifference standard has objective and subjective components." *Id.* at 992 (brackets and quotations omitted).

"The objective component of deliberate indifference is met if the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Id.* (quotations omitted). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious

9

that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki*, 762 F.3d at 1192-93 (quotations omitted).

To satisfy the subjective component, the plaintiff must show the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Burke*, 935 F.3d at 992 (quoting *Farmer*, 511 U.S. at 837). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quotations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact." *Id.* (quotations omitted). "We have found deliberate indifference when jail officials confronted with serious symptoms took no action to treat them." *Id.* at 993.

"Delaying medical treatment can violate the Eighth Amendment if the delay itself 'reflect[s] deliberate indifference which results in substantial harm.' " *Anderson v. Colorado, Dep't of Corr.*, 848 F.Supp.2d 1291, 1299 (D. Colo. 2012) (quoting *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ). The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir.2001). "A prison medical professional who serves 'solely ... as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role.' " *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir.2005) (quoting *Sealock*, 218 F.3d at 1211). However, "the subjective component presents a high evidentiary hurdle to the plaintiffs: a prison official must know about and disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

Plaintiff alleges he advised the facility nurse he was injured, but she told him she would not assist him until he sobered up.  Plaintiff alleges he was not under the influence of any drugs or alcohol.  However, Plaintiff did not specify what he told the facility nurse and it is unclear what

she knew. Plaintiff has not alleged the nurse was deliberately indifferent to a substantial risk of serious harm. Moreover, there is nothing to suggest that the nurse was subjectively aware of a substantial risk of harm or subjectively disregarded that risk. Similar, Plaintiff alleges that corrections officers failed in their gatekeeping role to refer him to medical treatment or provide him medicine. However, he was seen by a nurse and it is unclear what he told the corrections officers. Plaintiff failed to adequately plead that the corrections officers were subjectively aware of a substantial risk of harm or subjectively disregarded that risk.

Therefore, to the extent Plaintiff asserts a deliberate indifference claim under the federal constitution, the Court will dismiss the claim without prejudice. The Court grants Plaintiff leave to amend this claim as explained below.

## II.     *Monell* **Claim against Eddy County.**

Defendants argue that Plaintiff failed to plausibly allege a *Monell* claim against Eddy County. "[A] municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted). "Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Id*. (quotations omitted), *quoted in Mayfield v. Presbyterian Hosp. Admin.*, 772 Fed. Appx. 680, 685–86 (10th Cir. 2019) (unpublished).

Here, Plaintiff has not alleged or referenced whatsoever (1) a policy or custom or (2) a causal link between the policy or custom and the injury alleged. Therefore, the court will the municipal liability claim without prejudice but grant Plaintiff leave to amend his claim. If Plaintiff amends his federal claims, he must allege facts supporting municipal liability. The "formulaic recitation of a *Monell* claim, alleging that [Defendants] acted and/or failed to act pursuant to

11

[County] or State policy, custom, decision, ordinance, regulation, habit, usage or practice in his conduct" which "never identifies *precisely* what particular custom or policy of [the entity Defendant] [some governmental individual actor] was acting pursuant to ...." fails to state a plausible claim. *Abila v. Funk*, 2016 WL 9021834, at *18 (D.N.M. Dec. 14, 2016).). "[A]t the pleading stage, the existence of a *Monell* policy is a 'conclusion' to be built up to, rather than a 'fact' to be baldly asserted." *Abila v. Funk*, 2016 WL 9021834, at *19 (D.N.M. Dec. 14, 2016).

### III. Leave to Amend.

Plaintiff filed a counseled complaint and response to the motion to dismiss. However, Plaintiff's counsel moved to withdraw at the same time he filed the response because of a high caseload. Plaintiff is now *pro se*. Generally, the Court grants *pro se* plaintiffs leave to amend. Although he was not *pro se* when the response was filed, the Court will grant him leave to amend because the response to the motion to dismiss was deficient. Moreover, the issues identified above in the complaint could be remedied in an amended complaint.

### IV. State Law Claims.

Defendants summarily argue in two paragraphs that the state law claims should be dismissed on the same grounds as above. However, Defendants did not cite to case law and have not shown that the same standards governing qualified immunity and § 1983 claims also govern these state law claims. The Court will not assume that New Mexico state law is the same as federal law. Because this issue was not fully briefed, the Court declines to dismiss the state law claims.

### CONCLUSION

Plaintiff's federal claims against Eddy County and the unnamed corrections officers and nurses for violation of the United States constitution are dismissed without prejudice. The Court grants Plaintiff leave to amend these claims. If Plaintiff fails to amend these claims, the Court will

dismiss with prejudice the federal claims against the Eddy County Defendants and the case will proceed on the remaining claims against Eddy County and the City Defendants.

**IT IS THEREFORE ORDERED** that Eddy County's motion to dismiss **(Doc. 13) is GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file an out of time response **(Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the federal constitutional claims under § 1983 against Eddy County and unnamed Defendants are **DISMISSED WITHOUT PREJUDICE.** However, the Court grants Plaintiff leave to amend his federal claims against the Eddy County Defendants.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of the entry of this order. If Plaintiff fails to do so, the federal claims against Eddy County and the unnamed defendants may be dismissed with prejudice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE